UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAWN DICKEY,

    Plaintiff,

v.

VITAL ONE HEALTH PLANS DIRECT, LLC, a Florida limited liability company,

    Defendant.

No. 1:18-cv-01399-DAD-BAM

ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER

(Doc. No. 23)

This matter is before the court on defendant Vital One Health Plans Direct, LLC's ("Vital One") motion for leave to file a first amended answer. (Doc. No. 23.) A hearing on the motion was held on June 18, 2019. Attorney Jesenia Martinez appeared on behalf of plaintiff Dawn Dickey. Attorney Stephen Watkins appeared on behalf of defendant. Having considered the parties' briefs and the arguments of counsel, and for the reasons set forth below, the court will grant defendant's motion for leave to amend.

**BACKGROUND**

Plaintiff's complaint alleges as follows. Beginning in or around the fall of 2016, defendant contacted plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS") without first obtaining plaintiff's consent. (Doc. No. 1 at ¶ 35.) The calls continued even after plaintiff stated that she was not interested in what defendant was offering

1

and requested that they remove her from their list.  (*Id.*)  Despite plaintiff's request that defendant stop calling her, defendant called plaintiff approximately 100 times.  (*Id.* at ¶ 36.)

Plaintiff, on behalf of herself and others similarly situated, filed a class action complaint on October 10, 2018 seeking damages and other available legal or equitable remedies from defendant based on violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*  Defendant filed an answer on December 4, 2018.  (Doc. No. 8.)

On May 17, 2019, defendant filed the motion for leave to file a first amended answer now pending before the court.  (Doc. No. 23.)  Plaintiff filed an opposition to the motion on June 4, 2019. (Doc. No. 24.)  Defendant filed its reply on June 11, 2019.  (Doc. No. 26.)

## LEGAL STANDARD

"A party may amend its pleading once as a matter of course within:  (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a).  Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent.  *Id.*

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires."  *Id.*  Nevertheless, leave to amend need not be granted when the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.  *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor."  *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)).  "The party opposing leave to amend bears the burden of showing prejudice."  *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)); *see Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010); *see also Alzheimer's Inst. of Am. v. Elan Corp.*, 274 F.R.D. 272, 276 (N.D. Cal. 2011).

/////

Further, in determining futility, "[t]he proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) or (f): if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave should be denied." *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978) (citing 3 Moore's Federal Practice P. 15.08(4) (2d ed. 1974)).

## ANALYSIS

Defendant's motion for leave to amend seeks to add: (1) an arbitration defense and (2) a "reasonable procedures" defense to the TCPA's do-not-call regulations pursuant to 47 C.F.R. § 64.1200(c)(2)(i). (Doc. No. 23 at 3.) Plaintiff does not oppose defendant's motion for leave to amend to the extent that it seeks to add affirmative defenses articulated in the TCPA regulations, but does oppose defendant's motion to the extent that it seeks to add an arbitration defense. (Doc. No. 24 at 2.) The court therefore focuses its analysis on the latter.

As stated, the court may deny leave to amend where the amendment would prejudice the opposing party, is sought in bad faith, produces undue delay, or is futile.[1] *See AmerisourceBergen Corp.*, 465 F.3d at 951. In her opposition, plaintiff argues only that leave to amend here would be futile on two grounds: first, defendant has waived any right to arbitrate; and second, any arbitration defense is meritless because defendant has not produced any evidence that an enforceable arbitration agreement exists. (Doc. No. 24 at 4–6.) The court addresses these contentions in turn.

---

[1] Plaintiff argues that Rule 16(b)'s "good cause" requirement is the relevant legal standard here. (Doc. No. 24 at 4.) This argument is misplaced. The "good cause" standard to modify a scheduling order is only applicable after the deadline for amendments to pleadings established by the scheduling order has passed. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Taylor v. Morrison of Cal., LLC v. First Specialty Ins. Corp.*, No. SACV 15-1711 JVS (JCGx), 2016 WL 7626138, at *1 (C.D. Cal. Nov. 10, 2016) ("If a plaintiff seeks to amend its pleadings after the deadline set in a court's order, then the plaintiff cannot appeal to the liberal amendment procedures afforded by Federal Rule of Civil Procedure 15. Rather, the motion must satisfy the more stringent good cause showing required under Rule 16.") (internal citations, quotation marks, and brackets omitted). As provided in the scheduling order in this case, the deadline for motions to amend the pleadings was May 17, 2019. (*See* Doc. No. 12 at 2.) Defendant's motion for leave to amend was timely filed on May 17, 2019 and is therefore governed by Rule 15.

3

**A.     Whether Defendant Waived the Right to Arbitration**

The Ninth Circuit has held that a party seeking to prove waiver of a right to arbitrate must demonstrate: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). Moreover, "the party arguing waiver of arbitration bears a heavy burden of proof." *Id.* (citing *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986); *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 758 (9th Cir. 1988)).

In seeking leave to amend, defendant states that it issued a subpoena to Precise Leads, the entity from which defendant obtained plaintiff's contact information. (Doc. No. 23 at 4.) Precise Leads responded on February 22, 2019, stating that plaintiff's contact information was obtained by AlliedCoverage LLC ("AlliedCoverage") through its website. (*Id.*) On or about April 17, 2019, defendant reviewed the terms and conditions on AlliedCoverage's website and discovered that those terms and conditions contained an arbitration provision. (*Id.*) Thus, defendant avers that it only became aware of a potential arbitration defense on or about April 17, 2019. (*Id.*)

In her opposition to defendant's motion, plaintiff does not dispute that defendant was unaware of a potential right to arbitration before April 2019. Plaintiff's objection that defendant litigated this case for eight months before asserting an arbitration defense therefore does not constitute an act inconsistent with the arbitration right because defendant did not have knowledge of the right during that time. At the hearing on the pending motion, plaintiff's counsel argued for the first time that defendant should have been aware of a potential arbitration defense earlier than April 2019 because defendant had a contract with Precise Leads, was in direct communication with Precise Leads, and could have subpoenaed Precise Leads earlier than it did. Even if these representations were true, however, such a delay is not sufficient on its own to demonstrate waiver of the arbitration right: plaintiff fails to argue that she has suffered any prejudice by these purportedly inconsistent efforts to enforce the arbitration provision. *See Britton*, 916 F.2d at 1413 ("The fact that Liebling failed to raise as an affirmative defense his right to arbitrate is not sufficient, absent a showing of prejudice, to establish waiver."); *ATSA of Cal., Inc. v. Cont'l Ins.*

4

*Co.*, 702 F.2d 172, 175 (9th Cir. 1983) ("[I]nconsistent behavior alone is not sufficient; the party opposing the motion to compel arbitration must have suffered prejudice.").

Plaintiff has failed to meet her heavy burden of showing that defendant had prior knowledge of a potential right to arbitration or engaged in acts inconsistent with such a right. Most critically, plaintiff has failed to demonstrate or even argue that she would suffer prejudice from any purportedly inconsistent acts. Accordingly, the court finds that defendant did not waive the right to arbitrate.

**B.     Whether Defendant's Arbitration Defense Has Merit**

Plaintiff argues in the alternative that the arbitration defense is meritless, because "[w]ith a month until the close of fact discovery, Vital One has not produced a single document evidencing an agreement to arbitrate." (Doc. No. 24 at 5–6.) Plaintiff objects to the addition of such a defense on various grounds, including that defendant's arbitration defense is based on the website of a third party, that the website is likely a "browsewrap agreement" and not a "clickwrap agreement," and that even if this third-party website did constitute an agreement to arbitrate, there is no evidence that defendant was an intended third-party beneficiary thereof. (*Id.* at 6.)

These objections would be relevant if a motion to compel arbitration were pending before the court. But in considering a motion for leave to amend, the court need not determine whether defendant will ultimately prevail on its arbitration defense. *See Algee v. Nordstrom, Inc.*, No. C 11-301 CW, 2011 WL 6779324, at *3 (N.D. Cal. Dec. 27, 2011) (granting leave to amend where "Plaintiff's . . . arguments, which go to whether Defendant will ultimately be able to prevail on this defense, are more appropriately raised in the context of a motion to compel arbitration"); *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). As explained above, the court's assessment regarding futility of amendment under Rule 15 is limited to whether it would be possible for the claim or defense to be proven under any set of facts. Under this framework, plaintiff has failed to demonstrate that amendment would be futile.

/////

**CONCLUSION**

For the reasons stated above,

1. Defendant's motion for leave to file a first amended answer (Doc. No. 23) is granted; and

2. The Clerk of the Court is directed to file the proposed first amended answer (Doc. No. 23-2) on the docket captioned as the first amended answer.

IT IS SO ORDERED.

Dated: **June 19, 2019**

UNITED STATES DISTRICT JUDGE