UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN DICKEY, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VITAL ONE HEALTH PLANS DIRECT, LLC, a Florida limited liability company; and DOE INDIVIDUALS, inclusive, and each of them,<br><br>Defendants. | No. 1:18-cv-01399-DAD-BAM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>(Doc. No. 31) |

This matter is before the court on plaintiff Dawn Dickey's motion for leave to file a first amended complaint. (Doc. No. 31.) On July 19, 2019, the court deemed plaintiff's motion suitable for decision without oral argument pursuant to Local Rule 230(g). (Doc. No. 36.) Having considered plaintiff's unopposed motion, and for the reasons set forth below, the court will grant plaintiff's motion for leave to file an amended complaint.

**PROCEDURAL HISTORY**

Plaintiff, on behalf of herself and others similarly situated, filed a class action complaint on October 10, 2018 seeking damages and other available legal or equitable remedies from defendant Vital One Health Plans Direct, LLC ("Vital One") based on violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

1

| | |
|---|---|
| 1 | Defendant filed an answer on December 4, 2018. (Doc. No. 8.) On May 17, 2019, |
| 2 | defendant filed a motion for leave to file a first amended answer. (Doc. No. 23.) On June 20, |
| 3 | 2019, the court granted defendant's motion and the first amended answer was docketed the same |
| 4 | day. (Doc. Nos. 32, 33.) |
| 5 | On June 19, 2019, plaintiff filed the motion for leave to file a first amended complaint |
| 6 | now pending before the court. (Doc. No. 31.) Defendant does not oppose the motion. (*Id.* at 2.) |

**DISCUSSION**

Plaintiff's motion for leave to amend seeks to name Rene Luis, Eliberto Gracia, and Martin Diaz as individual defendants in this action. (Doc. No. 31 at 3.) Plaintiff contends that depositions taken on June 5 and June 6, 2019 provided evidence that these individuals may be held personally liable with respect to the asserted individual and class claims for violations of the TCPA and its regulations. (*Id.*)

The scheduling order in this case provides that stipulated amendments or motions to amend the pleadings were to be filed by May 17, 2019. (Doc. No. 12.) Plaintiff's motion for leave to amend, filed June 19, 2019, is therefore untimely under that order. Although plaintiff contends that "the parties agreed that Plaintiff would have two weeks from the Vital One Rule 30(b)(6) witness deposition to seek leave to amend, providing a deadline of June 19, 2019" (Doc. No. 31 at 4), plaintiff provides no authority for the proposition that parties may simply stipulate to alter the deadlines established by the court's scheduling order.

The court therefore construes plaintiff's motion for leave to amend as a request that the court also modify the scheduling order in this case. Under such circumstances, plaintiff must satisfy the more stringent "good cause" showing required under Rule 16, which governs the modification of scheduling orders. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Aaron & Andrew, Inc. v. Sears Holdings Mgmt. Corp.*, No. CV 14-1196 SS, 2017 WL 3449597, at *2 (C.D. Cal. Feb. 7, 2017); *Taylor Morrison of Cal., LLC v. First Specialty Ins. Corp.*, No. SACV 15-1711 JVS (JCGx), 2016 WL 7626138, at *1 (C.D. Cal. Nov. 10, 2016). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good

cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Judges of this district have adhered to a three-step inquiry in determining whether good cause under Rule 16 has been satisfied:

> To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Wake Forest Acquisitions, L.P. v. Vanderbilt Commercial Lending, Inc.*, No. 2:15-cv-02167 KJM DB, 2018 WL 1586362, at *3 (E.D. Cal. Apr. 2, 2018) (brackets omitted); *Grant v. United States*, No. 2:11-cv-00360 LKK, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), *report and recommendation adopted*, 2012 WL 218959 (E.D. Cal. Jan. 23, 2012); *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

With respect to the first factor, the court finds that plaintiff was diligent in creating a workable Rule 16 order. Plaintiff and defendant collaborated to produce the joint scheduling report in this case (Doc. No. 10), which resulted in the assigned magistrate judge issuing the scheduling order. (Doc. No. 12.) Moreover, plaintiff advised the court and the defendant in her original complaint and in the parties' joint scheduling report that she might seek leave to amend to reflect the true names and capacities of the Doe defendants when such identities became known. (Doc. No. 1 at ¶ 12; Doc. No. 10 at 3–4); *cf. Grant*, 2011 WL 5554878, at *5 (finding that plaintiff was not diligent in assisting the court because "[p]laintiff had several opportunities to advise the court and opposing counsel that he intended to amend his complaint to add the new claims that appear in the proposed amended complaint prior to entry of the pretrial scheduling order, but failed to do so"). Under these circumstances, the court finds no lack of diligence by plaintiff in assisting in the creation of the scheduling order.

/////

The court next considers the second factor, whether plaintiff's noncompliance occurred because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the scheduling conference. Courts in this circuit have recognized that a plaintiff has good cause to amend a complaint to add defendants if the identities of those defendants were unknown prior to discovery. *See, e.g.*, *Torbert v. Gore*, No. 14cv2911 BEN (NLS), 2015 WL 9582911, at *2 (S.D. Cal. Nov. 10, 2015); *Boyd v. Etchebehere*, No. 1:13-01966-LJO-SAB (PC), 2015 WL 6890714, at *2–3 (E.D. Cal. Nov. 9, 2015); *Mendoza v. Whitehouse*, No. C 07-01138 CW, 2008 WL 2684120, at *3 (N.D. Cal. July 3, 2008). Here, the parties originally noticed the deposition of defendant's Rule 30(b)(6) witness for February 28, 2019. (Doc. No. 31 at 4.) Plaintiff states that the deposition did not go forward as originally scheduled, however. (*Id.*) After meeting and conferring, and after defendant retained new counsel, the parties rescheduled the 30(b)(6) depositions for June 5, 2019 and scheduled the depositions for two of defendant's employees for June 6, 2019. (*Id.*) Plaintiff asserts that information gained during these depositions provided evidence that Rene Luis, Eliberto Gracia, and Martin Diaz may be held personally liable for the violations alleged in the complaint. (*Id.* at 3.) Based on these representations, the court finds that plaintiff's noncompliance with the scheduling order occurred notwithstanding her diligent efforts to comply.

As to the third factor, the record in this case indicates that plaintiff was diligent in seeking amendment once she discovered the identities of the Doe defendants. Following the depositions held on June 5 and June 6, 2019, plaintiff conferred with defendant on June 17 and June 18, 2019, regarding the anticipated filing of the instant motion. (*Id.*) Defendant stated at that time that it would not oppose plaintiff's motion. (*Id.*) Plaintiff thereafter filed this motion on June 19, 2019. (*Id.*) The court finds that plaintiff was also diligent in seeking amendment. Accordingly, because plaintiff has satisfied each prong of the good cause test, the court will grant plaintiff's request to modify the scheduling order in this case.

Finally, if good cause is shown, the party seeking amendment must nevertheless demonstrate that amendment is also proper under Rule 15(a). *Johnson*, 975 F.2d at 608. The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given

4

when justice so requires." *Id.* That said, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). Here, because plaintiff is seeking only to add the names of Doe defendants who were previously unknown, and in light of defendant's non-opposition to the motion to amend, the court finds that amendment is neither sought in bad faith, futile, nor prejudicial to the opposing party. Plaintiff's motion to amend will therefore be granted.

## CONCLUSION

For the reasons stated above,

1. Plaintiff's motion for leave to file a first amended complaint (Doc. No. 31), construed also as a request to modify the scheduling order, is granted; and
2. The Clerk of the Court is directed to file the proposed first amended complaint (Doc. No. 31-2) on the docket captioned as the first amended complaint.

IT IS SO ORDERED.

Dated: __August 18, 2019__      _/s/ Dale A. Drozd_
UNITED STATES DISTRICT JUDGE