David J. Kaminski, Esq., (SBN 128509)
kaminskid@cmtlaw.com
Stephen A. Watkins, Esq., (SBN 205175)
watkinss@cmtlaw.com
**CARLSON & MESSER, LLP**
5901 West Century Boulevard, Suite #1200
Los Angeles, CA 90045
Tel: (310) 242-2200
Fax: (310) 242-2222

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN DICKEY, an individual, on behalf of herself and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>VITAL ONE HEALTH PLANS DIRECT, LLC, a Florida Limited Liability Company; RENE LUIS, an individual; ELIBERTO GRACIA, an individual; MARTIN DIAZ, an individual and DOE INDIVIDUALS, inclusive, and each of them<br><br>Defendants. | Case No. 1:18-cv-01399-DAD-BAM<br><br>**JOINT MOTION TO DISMISS INDIVIDUAL CLAIMS WITH PREJUDICE AND DISMISS CLASS CLAIMS WITHOUT PREJUDICE AND WITHOUT NOTICE**<br><br>Hon. Judge Barbara McAuliffe |

{00129212;1}                                1

## I. INTRODUCTION

On December 10, 2019, plaintiff Dawn Dickey ("Plaintiff") and defendants Vital One Health Plans Direct, LLC, Rene Luis, Eliberto Gracia, and Martin Diaz (collectively, "Defendants") filed a Joint Motion for Dismissal of Plaintiff's individual claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") with prejudice and the putative class claims without prejudice. (ECF 49.) On December 13, 2019, the Court ordered Plaintiff and Defendants (collectively, the "Parties") to "file a motion for court approval of the class action settlement or dismissal of class claims under Federal Rule of Civil Procedure 23(e) no later than January 24, 2020." (ECF 50.)

No class has been certified. As set forth below, the Court should dismiss Plaintiff's individual claims with prejudice and the class claims without prejudice without notice to the putative class.

## II. ARGUMENT

"To determine whether pre-certification settlement or dismissal is appropriate, the Court must assess potential prejudice to the absent putative class members from: (1) 'possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances'; (2) 'lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations'; and (3) 'any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.'" *Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (quoting *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)) (recognizing that, based on 2003 amendments to Fed. R. Civ. P. 23, there is "'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals").

The purpose of analyzing the *Diaz* factors "is to 'determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members.'" *Id.* (quoting *Lyons v. Bank of America, NA*, No. C 11-1232 CW, 2012 W L 5940846, at *1 (N.D. Cal. Nov. 27, 2012).As set forth below, the Parties' settlement satisfies the *Diaz* factors.

**1. There is no evidence that putative class members are relying upon the pendency of this class action**

As to the first *Diaz* factor, the Parties represent that they know of no absent putative class members who are relying on the pendency of this putative class action. Media attention regarding this action has been sparse. An online search reveals only online mentions on aggregator websites such as www.law360.com, www.docketbird.com and www.legale.com. Plaintiff is not aware of any other media attention and has not received any inquiries from others regarding the action. The putative class members are highly unlikely to have knowledge of it, or to have relied upon it in any way. This factor favors dismissal. *See Lewis v. Vision Value, LLC*, No. 1:11-CV-01055-LJO, 2012 WL 2930867, at *1 (E.D. Cal. July 18, 2012) (J. McAuliffe), at *3.

**2. There is no prejudice to the class of putative class members**

As to the second *Diaz* factor, the pendency of this putative class action tolled the statute of limitations applicable to any individual claims based on the same facts and circumstances. *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804, 201 L. Ed. 2d 123 (2018). Thus, should the Court dismiss the putative class claims without prejudice, the unnamed putative class members will be in the same position as they were at the time Plaintiff filed this action. The TCPA has a four-year statute of limitations. Plaintiff filed her Complaint on October 10, 2018 (ECF 1, Complaint) approximately two years after the calls at issue in the fall of 2016. (ECF 37, First Amended Complaint ¶ 38.) Given that the putative class members will be in the exact same position upon dismissal of the class claims as when the suit was initially filed, notice to the putative class is not required. *See Vision Value*, 2012 WL 2930867, at *4. This factor favors dismissal.

**3. There is no collusion**

As to the third *Diaz* factor, the Settlement Agreement does not resolve or concede any class interest nor demonstrate collusion to the detriment of the putative class. With respect to the possibility of collusion, a district court should consider "the terms of the settlement, particularly the amount paid the plaintiff in purported compromise of his individual claim and

the compensation to be received by plaintiff's counsel, in order to insure that, under the guise of compromising the plaintiff's individual claim, the parties have not compromised the class claim to the pecuniary advantage of the plaintiff and/or his attorney." *Vision Value*, 2012 WL 2930867, at *3 (citing *Del Rio v. CreditAnswers, LLC*, No. 10cv346-WQH-BLM, 2011 WL 1869881 (S.D.Cal. May 16, 2011), citing, *Shelton v. Pargo, Inc*., 582 F.2d 1298, 1315 (4th Cir. 1978)).

The settlement is structured as an individual resolution of Plaintiff's claims. Plaintiff her counsl represent that the class allegations were not frivolous and were not initially pled for the purpose of extracting a more favorable settlement. Defendants have not promised Plaintiff or her counsel a disproportionate recovery on settlement of Plaintiff's individual action in exchange for dismissal of the class allegations. Defendants have not made any concessions to Plaintiff or her attorneys in exchange for the dismissal of the class allegations. Settlement of Plaintiff's individual claim will not deplete Defendants of assets such that Defendants would be financially unable to pay any meritorious claims of putative class members. This matter was not certified as a class and Plaintiff was not appointed as a class representative. The terms and conditions of the settlement do not release claims of unnamed putative class members nor prejudice their rights. Here, the requested dismissal is without prejudice so any class members may bring claims. The settlement agreement is confidential and the Parties can provide the Court with the settlement agreement for in camera review.

In light of the foregoing, the Court should allow the dismissal without prejudice and without notice as there is no prejudice to the class.

///
///
///
///
///
///
///

## V.     CONCLUSION

Based on the foregoing reasons, the parties request the Court approve their settlement agreement with Plaintiff and dismiss their individual claims with prejudice.  The parties further requests the Court dismiss the class action claims without prejudice and without notice to the putative class members.

DATED:  January 23, 2020            **CARLSON & MESSER LLP**

By:    /s/  David J. Kaminski
       David J. Kaminski
       Stephen A. Watkins
       Attorneys for Defendants

DATED:  January 23, 2020            **KRISTENSEN LLP &**
                                                                   **HUGHES ELLZEY, LLP**

By:    /s/  John P. Kristensen (as authorized on 1/23/20)[1]
       John P. Kristensen
       Jarrett L. Ellzey
       Attorneys for Plaintiff

---

[1] Pursuant to L.R. 131(e)

{00129212;1}       4

JOINT MOTION
Case No: 1:18-cv-01399-DAD-BAM

## CERTIFICATE OF SERVICE

I, David J. Kaminski, hereby certify that on this 23rd day of January, 2020, a true and accurate copy of the foregoing JOINT MOTION TO DISMISS INDIVIDUAL CLAIMS WITH PREJUDICE AND DISMISS CLASS CLAIMS WITHOUT PREJUDICE AND WITHOUT NOTICE was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

/s/David J. Kaminski
David J. Kaminski
CARLSON & MESSER LLP