UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN DICKEY, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>VITAL ONE HEALTH PLANS DIRECT, LLC, a Florida Limited Liability Company; et al.,<br><br>Defendants. | No. 1:18-cv-01399-DAD-BAM<br><br>ORDER GRANTING THE PARTIES' JOINT MOTIONS TO DISMISS PURSUANT TO RULES 23(e) and 41(a)<br><br>(Doc. Nos. 49, 51) |

This matter is before the court on the joint motions to dismiss filed by plaintiff Dawn Dickey and defendants Vital One Health Plans Direct, LLC; Rene Luis; Eliberto Gracia; and Martin Diaz. The court reviewed the papers filed in connection with the pending motions and deemed the matter suitable for decision on the papers pursuant to Local Rule 230(g). The court will, for the reasons set forth below, grant both joint motions to dismiss.

**BACKGROUND**

Plaintiff, on behalf of herself and others similarly situated, filed a class action complaint on October 10, 2018 seeking damages and equitable remedies based on defendants' alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

/////

1

The parties, however, eventually reached a settlement and notified the court thereof on November 7, 2019. (Doc. No. 47.) Pursuant to the settlement, the parties moved jointly to dismiss plaintiff's individual claims with prejudice pursuant to Rule 41(a)(1)(A)(ii) and class claims without prejudice pursuant to Rule 23(e). (Doc. Nos. 49, 51.)

**LEGAL STANDARDS**

An action may be dismissed pursuant to Rule 41 by filing a "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). However, Rule 23(e) governs the dismissal of class actions, even before class certification has occurred. *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (holding "that Rule 23(e) applies before certification").[1]

Accordingly, the "district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members" and "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Id.* Although the court "does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class," it must determine whether class members would be prejudiced by:

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

---

[1] Although "Rule 23(e) was specifically amended in 2003 to make clear that court approval was not required for settlements with putative class representatives that resolved only individual claims," and there "remains some uncertainty about whether the *Diaz* holding applies in the wake of the 2003 amendments to Rule 23(e)," district courts in the Ninth Circuit continue to apply the standard articulated by the Ninth Circuit in *Diaz* because it "strikes the right balance between the full-bore fairness review for settlement of certified class claims, and doing nothing at all to ensure that putative class members are protected from collusive deals." *Topete v. Ramos Furniture*, No. 1:16-cv-00271-DAD-EPG, 2018 WL 4006556, at *3 (E.D. Cal. Aug. 20, 2018), *findings and recommendations adopted*, No. 1:16-cv-00271-DAD-EPG, 2018 WL 6615107 (E.D. Cal. Nov. 16, 2018) (internal quotation marks and citations omitted); *see, e.g.*, *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014).

*Id.* Regardless, "[i]n no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene." *Id.*

## DISCUSSION

Applying the three *Diaz* factors here, the court concludes that dismissal of plaintiff's class claims without prejudice will not harm any putative class members. First, there is no evidence that any putative class members are relying on this action. Coverage of the case in the media has been limited to a few mentions on legal news and court docket aggregators such as www.law360.com and www.docketbird.com, and plaintiff has received no inquiries from anyone about the case. (Doc. No. 51 at 3.); *see Tombline*, 2014 WL 5140048, at *2 (noting that there is unlikely to be reliance when "no one purporting to be a putative class member [has] contacted plaintiffs' counsel about this case").

Second, putative class members would not be barred from filing their own individual or class claims by a statute of limitations. The TCPA has a four-year statute of limitations. *See Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (holding that the generally applicable four-year statute of limitations in 28 U.S.C. § 1658(a) governs TCPA actions). Because the claims in this case are derived from phone calls allegedly made in the fall of 2016 (*see* Doc. No. 37 at 14–15), putative class members would still have at least six months from the time of dismissal of the class claims in this case to file a new class action. Individual claims would still be timely for an additional two years because any individual claims have been tolled since this action was filed in October 10, 2018. *See China Agritech, Inc. v. Resh*, __ U.S. __, 138 S. Ct. 1800, 1804 (2018) (holding that the statute of limitations is tolled for individual claims "during the pendency of a putative class action, allowing unnamed class members to join the action individually or file individual claims if the class fails").

Finally, the settlement between plaintiff and defendants only resolves plaintiff's individual claims—because the parties are only requesting dismissal of the class claims without prejudice, leaving putative class members free to pursue a new class action, no class interests are being conceded. (Doc. No. 51 at 3–4.)

/////

The court therefore deems the *Diaz* factors satisfied here. Because there is no risk of prejudice, notice to putative class members is not required. *See Diaz*, 876 F.2d at 1408 ("Notice to the class of pre-certification dismissal is not, however, required in all circumstances.").

**CONCLUSION**

Accordingly:

1. The parties' joint motions to dismiss (Doc. Nos. 49, 51) are granted;
    a. Plaintiff's individual claims are dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii);
    b. Plaintiff's class claims are dismissed without prejudice pursuant to Rule 23(e); and
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 3, 2020**

_____
UNITED STATES DISTRICT JUDGE